```
            IN THE UNITED STATES DISTRICT COURT

             FOR THE MIDDLE DISTRICT OF GEORGIA

                       MACON DIVISION

                   _____

THE UNITED STATES OF AMERICA    )
                                ) Case No. 5:21-CR-09-02
     vs.                        )
                                ) Macon, Georgia
PRENTICE BOND, DEFENDANT        )
_____)


                       SENTENCING


          BEFORE THE HONORABLE MARC T. TREADWELL
               UNITED STATES DISTRICT JUDGE



                    September 8, 2021



APPEARANCES:

FOR THE GOVERNMENT:       Marcela C. Mateo, AUSA
                          Noah Abrams, AUSA
                          UNITED STATES ATTORNEY'S OFFICE
                          Post Office Box 1702
                          Macon, GA  31202-1702

FOR THE DEFENDANT:        Reza Sedghi
                          SEDGHI LAW, LLC
                          2870 Vineville Avenue
                          Macon, GA  31204

Proceedings reported stenographically
_____

              DARLENE D. FULLER, USCR
              Registered Professional Reporter
              Registered Merit Reporter
              Certified Realtime Reporter
         Georgia Certified Reporter No. 5641-3440-5157-6832
```

```
 1   Macon, Georgia
 2   Wednesday, September 8, 2021
 3   9:02 a.m.
 4                    P R O C E E D I N G S
 5           COURT OFFICER:  All rise.  United States District
 6   Court for the Middle District of Georgia, Macon Division, is
 7   now in session.  Be seated and come to order.
 8           THE COURT:  Good morning.
 9           COUNSEL COLLECTIVELY:  Good morning.
10           THE COURT:  All right.  My courtroom procedures
11   regarding COVID are that if you are vaccinated and are not
12   otherwise required to wear a mask, you can remove your mask.
13           Our first case on the sentencing calendar is United
14   States versus Bond.  Mr. Sedghi, is the government ready?
15   Pardon me, is the defendant ready?
16           MR. SEDGHI:  Yes, Your Honor.
17           THE COURT:  And, Ms. Mateo, is the government ready?
18           MR. ABRAMS:  Yes, Your Honor.  Noah Abrams on behalf
19   of the government.  With the Court's permission, we have
20   divided some of the defendants since there are so many on the
21   docket.
22           THE COURT:  All right.  Mr. Abrams, then, I will hear
23   from you on Mr. Bond.
24           All right.  I have Mr. Bond's presentence report.
25   The guideline calculations as they currently stand are as
```

```
 1   follows:  The total offense level is 33 -- I do have an
 2   objection that could affect that -- based on the criminal
 3   history of V, and that is on Count One, the range is 188 to 235
 4   months.
 5             Count Two has a 60-month guideline range.
 6             I have the government's motion for a 2-level downward
 7   departure for the timely entry of a plea during the pandemic.
 8   I grant that motion.  And that takes us to a guideline range of
 9   168 to 210 months based upon a total offense level of 31.
10             I also have the government's late-filed 5K motion,
11   which I have now considered and Probation considered and
12   prepared for over the weekend.
13             So, those are our guideline calculations.
14             Good morning, Mr. Bond.
15             THE DEFENDANT:  Good morning.  How you doing, sir.
16             THE COURT:  I have been talking about the presentence
17   report that was prepared after you entered your guilty plea.
18   Did you receive a copy of that report?
19             THE DEFENDANT:  Yes, sir.
20             THE COURT:  And have you reviewed it with Mr. Sedghi?
21             THE DEFENDANT:  Yes, sir.
22             THE COURT:  Do you have any questions about it?
23             THE DEFENDANT:  No, sir.
24             THE COURT:  All right.  Mr. Sedghi, I will hear from
25   you first with regard to your objection.
```

1           MR. SEDGHI:  Thank you, Judge.  I filed a couple of
2    different objections, Your Honor.  The first one was in regards
3    to the role in the offense, Judge.  The government and the
4    defendant both agree that the role in this particular case
5    should be 3-level enhancement for a managerial or supervisory
6    role versus a 4-level enhancement role for leadership role.
7           Mr. Bond's role in this particular conspiracy, Judge,
8    was more of a manager.  If you look at the evidence, he really
9    supervised three or four people in our opinion -- maximum five.
10   Never really had a leadership capacity.  In fact, he was the
11   one that would actually go to Atlanta and pick up the drugs
12   with Mr. Cross and bring it back to Macon.  He would cook up
13   the cocaine and distribute it to two or three people that he
14   dealt with that would sell for him.
15          So, I think all the evidence really pointed to him
16   being a manager.  The leader here, Judge, as the Court may be
17   aware, is Mr. Robinson who is charged with the main role in the
18   Indictment.  And so we would ask the Court to give him a
19   3-level increase for role in the offense as opposed to 4-level.
20   I believe the government agrees with me on that.
21          THE COURT:  All right.  I think it's a close call,
22   but in view of the parties' stipulation in that regard, I
23   sustain that objection.  And that takes us to a 32 level with a
24   range of 188 to 235.  And with the COVID departure, the level
25   becomes 30 and a range of 135 to 168.  I believe I'm correct on

```
 1   that.  If I'm not, somebody let me know.  But for now,
 2   that's --
 3             PROBATION:  Judge, I believe that the Level 30 is 151
 4   to 188.
 5             THE COURT:  Oh, thank you.  That's at Level 30.  151
 6   to --
 7             PROBATION:  188.
 8             THE COURT:  Right.  That makes sense.
 9             So, we are at 151 to 188 before consideration of the
10   5K.  I do -- well, I mentioned I have the government's motion
11   on that, that I have reviewed.
12             All right.  Mr. Sedghi, I will hear from you with
13   regard to a reasonable sentence.
14             MR. SEDGHI:  Thank you, Judge.  Your Honor, I did
15   have a couple other objections that I filed.  One was that the
16   Criminal History Category V is not appropriate in this case,
17   that it should be really a Criminal History Category IV, based
18   upon his past conduct.  He had really just one main -- I think
19   drug charge in the past, one felony possession of marijuana,
20   never been convicted of any distribution charges.  And he came
21   in right at a 10 because of a consecutive state court probation
22   revocation sentence I believe it was.  He really should have
23   been a 9, Judge.  So I was wondering if the Court can consider
24   him a Category IV criminal history instead of a V.
25             THE COURT:  The objection -- and you're right, you
```

1  did that have objection -- as I understand it, is not that the
2  criminal history was incorrectly calculated but that it
3  overstates the --
4          MR. SEDGHI:  That's correct, Your Honor.
5          THE COURT:  I have taken a look at that, and I
6  overrule that objection.  I think it's properly calculated, and
7  it does not overstate his criminal history -- or the
8  seriousness of his criminal history.
9          MR. SEDGHI:  And, I guess regarding his sentence,
10 Judge, this last objection kind of falls into that whole
11 argument that there should not be a disparity -- unwarranted
12 disparity between defendants in this case.  The two
13 defendants -- or co-defendants that were really closely linked
14 is Mr. Bond's partner, Mr. Cross, who is going to be sentenced
15 after Mr. Bond.  And if the Court noticed, there was about a
16 hundred-month gap in difference between the ranges, from what I
17 understand, where they originally fell.  I understand Mr. Cross
18 does not have a criminal history category that is -- where
19 Mr. Bond falls into, but the conduct is really about the same
20 in this incident, Judge.  I mean, both of them traveled
21 together to Atlanta to pick up the drugs and come back.  Both
22 of them had weapons in the house.  Mr. Cross had a lot more
23 weapons, in fact, when his house was searched, and a lot more
24 narcotics.
25         And so because of those -- because of those

```
 1  circumstances, we would ask the Court consider a departure in
 2  line with the 5K, of course, that the Court now has, that would
 3  make Mr. Bond fall closer to Mr. Cross in the range.  Mr. Cross
 4  does not have the 60-month consecutive sentence that he's
 5  dealing with.  And he's just -- he's just looking at a
 6  concurrent time on the weapon charge.
 7          Judge, we would ask Mr. Bond be sentenced at least
 8  for a 4- or 5-level departure on the 5K.  He admitted to the
 9  narcotics.  When they first came into his house, right off the
10  bat he told the agent, he said, "This is mine."  So he admitted
11  responsibility right away, Your Honor.  And we think he's
12  looking at a lot of time here, so because of the cooperation
13  that he gave, I'd ask the Court to consider giving him a
14  substantial downward departure, Your Honor.
15          THE COURT:  All right.  Thank you, Mr. Sedghi.
16          Mr. Bond, would you like to say anything, sir?
17          THE DEFENDANT:  Well, sir, I just -- I would like to
18  say, um, I've earned my punishment for what I have done, you
19  know.  I am not trying to say I'm innocent because I am guilty.
20  I just ask you to kind of work with me, be lenient on me.  I
21  have a son, you know.  And that's it.
22          I accept full responsibility for my role and
23  everything I done.  And I just hope I can change.  You know,
24  hope I can get drug rehabilitation, if I can, RDAP or whatever
25  that suits me in my case.  That's all.
```

1    THE COURT: Thank you, Mr. Bond.

2    THE DEFENDANT: You're welcome.

3    THE COURT: Mr. Abrams?

4    MR. ABRAMS: Yes, Your Honor. As we outlined in our
5  5K motion, Mr. Bond was one of the initial individuals to
6  indicate a willingness to cooperate with the government. He
7  did make a statement right off the bat, at the time of the
8  arrest, and then subsequently did participate in two separate
9  interviews.

10   During the course of those, the government did find
11 that in total the amount of information that was provided was
12 very helpful in assisting the government in obtaining guilty
13 pleas. We even anticipate additional pleas to come through.
14 And we do credit Mr. Bond's early proffer and the information
15 contained that corroborated the other evidence in this case to
16 have been an assist on that.

17   Additionally, we recognize that there's some
18 discrepancy between Mr. Cross and Mr. Bond. The government's
19 position is they are similarly situated in terms of their role
20 in this. However, of note, which United States Probation and
21 the Court is well aware, Mr. Bond's criminal history is
22 substantially greater, and that is a legitimate reason for a
23 sentencing range to be beyond that that Mr. Cross may receive
24 from the Court.

25   Nevertheless, in viewing the type of cooperation, the

1   ultimate candor that was provided, and based on the sort of
2   overall view of the sentencing range that he faces, the
3   government is requesting a -- or thinks it's appropriate -- a
4   4-level decrease from his current sentencing -- or current
5   total offense level of 30.  This would make him a Offense Level
6   26.  That, in conjunction with his Criminal History Category V,
7   would be a sentencing range of 110 to 137 months.  That is to
8   Count One.
9           A low-end sentence to 110 months, in conjunction with
10  his consecutive 60-month sentence, the government feels
11  adequately represents his role and satisfies the purposes of
12  the sentencing guidelines appropriately, and that is the
13  sentence that we are asking the Court to impose.
14          THE COURT:  Thank you, Mr. Abrams.
15          Mr. Bond, I have considered the presentence report
16  that was prepared after you entered your guilty plea.  I accept
17  the Plea Agreement you have with the government.  And you are
18  adjudicated guilty of the 2-count Superseding Information.
19          As we've discussed and after my rulings, your
20  advisory sentencing range on Count One is 151 to 188 months
21  based on an offense level of 30 and your criminal history
22  category of V.
23          As to Count Two, the guideline range is 60 months.
24          In consideration of the -- I have taken into account
25  the government's motion for a downward departure based upon

your substantial assistance to the government. I agree that your assistance has been substantial. Accordingly, Mr. Bond, I do depart downward for that reason as well, and I commit you to the Bureau of Prisons for a period of 120 months on Count One.

As to Count Two, I commit you to the Bureau of Prisons for a period of 60 months. That sentence will be served consecutively to your sentence on Count One for a total sentence of 180 months.

Because this sentence is within an advisory guideline range that's greater than 24 months, I am required to state the reason for the sentence. I impose this sentence having considered the advisory sentencing range, the sentencing factors found at 18 U.S.C. Section 3553(a), and after having made an individualized assessment of the facts of your case.

I impose a mandatory assessment in the amount of $100 on each count. I waive the imposition of a fine and any alternative sanction based on your financial condition. Any financial penalties shall be paid in accordance with the Court's Standing Order 2017-2.

Your term of imprisonment will be followed by a period of supervised release of three years as to Count One and five years as to Count Two, to be served concurrently pursuant to 18 U.S.C. Section 3624(e) for a total term of five years, and that supervised release will include the mandatory, standard, and special conditions as noted in the presentence

```
 1   report and the Court's Standing Order 2017-2.
 2           Mr. Bond, in your Plea Agreement you knowingly and
 3   voluntarily waived your right to appeal with some exceptions.
 4   Should you appeal, Mr. Sedghi will continue to represent you,
 5   and he will file a timely notice of appeal or a waiver of
 6   appeal.
 7           Now that the findings of the Court have been made and
 8   the sentence imposed, are there any objections to the sentence,
 9   as to the findings of fact and conclusions of law, other than
10   the ones we have addressed?
11           MR. SEDGHI:  No, Your Honor.  And regarding the drug
12   class, Judge, is that just part of the record as far as --
13           THE COURT:  Are you talking about the RDAP program?
14           MR. SEDGHI:  Yes, Judge.
15           THE COURT:  I will recommend the RDAP program.
16           MR. SEDGHI:  Thank you, Judge.  I appreciate that.
17           THE COURT:  Anything from the government?
18           MR. ABRAMS:  No objection from the government, Your
19   Honor.
20           THE COURT:  All right.  That concludes this matter.
21   Thank you, all.
22           MR. SEDGHI:  Thank you, Your Honor.
23           THE COURT:  Mr. Bond, good luck to you, sir.
24      (Proceedings concluded at 9:18 a.m.)
25                         END OF RECORD
```

```
 1                  CERTIFICATE OF OFFICIAL REPORTER
 2
 3
 4
 5           I, Darlene D. Fuller, Federal Official Realtime Court
 6   Reporter, in and for the United States District Court for the
 7   Middle District of Georgia, do hereby certify that pursuant to
 8   Section 753, Title 28, United States Code, that the foregoing is
 9   a true and correct transcript of the stenographically reported
10   proceedings held in the above-entitled matter and that the
11   transcript page format is in conformance with the regulations of
12   the Judicial Conference of the United States.
13
14                             Dated this 13th day of Oct., 2021
15
16                             _____
                               Darlene D. Fuller, RPR, CRR, RMR
17                             NCRA No. 5803
                               Federal Official Court Reporter
18                             Georgia CCR 5641-3440-5157-6832
                               Michigan Certification CSR-0929
19
20
21
22
23
24
25
```